IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| OSA MOSS CLAY, and D.S. by and through his Next Friend, Kevin Shanley and P.S. by and through his Next Friend, Kevin Shanley<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY<br>Serve Registered Agent:<br>　　CT Corporation System<br>　　120 South Central Avenue<br>　　Clayton, MO 63105<br><br>　　　　Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED**<br>E.D. Mo. Rule 2.04 |

## COMPLAINT

COME NOW Plaintiffs, by their attorneys, and for their causes of action plead as follows:

### PARTIES

1)   Plaintiff Osa Moss Clay is the surviving natural mother of Tammy Sue Clay ("Ms. Clay"), deceased, and is a citizen and resident of Clark County, Missouri.

2)   Plaintiff D.S. is a minor and is the surviving natural child of Tammy Clay, deceased.

3)   Plaintiff P.S. is a minor and is the surviving natural child of Tammy Clay, deceased.

4) Defendant, GENERAL ELECTRIC CO. ("GE") is and was at all times material hereto a Delaware corporation with its principal places of business being located at 3135 Easton Turnpike, Fairfield, Connecticut.

## JURY DEMAND

5) Plaintiffs demand a trial by jury pursuant to U.S. Const. Am. 7, Rule 38 of the F.R.C.P, and E.D.Mo L.R. 2.04.

## VENUE AND JURISDICTION

6) Defendant GE offers its products and/or services for sale and distribution in the State of Missouri and derives substantial benefits from doing business in Missouri. Defendant maintains minimum contacts with the State of Missouri and is otherwise present in this state so that this Court may exercise jurisdiction over it.

7) Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) in that the plaintiffs reside within this state, the events giving rise to these claims occurred within this judicial district, losses and damages accrued and continue to accrue in this State and Defendant has, keeps and maintains substantial contacts and conducts substantial business within this judicial district.

8) Plaintiffs' claim for damages against defendant herein greatly exceed Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and thus this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and there complete diversity of citizenship of the parties.

## WRONGFUL DEATH

9) Plaintiffs bring this action pursuant to Section 537.080 et seq. RSMo 1994, commonly known as the "Wrongful Death Act" of Missouri, and as such bring this action on their behalf and on behalf of all others entitled to recover under such statutes and bring this action to recover damages for the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and to recover such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued.

## BACKGROUND

10) At all times relevant herein, Tammy Clay, deceased, was residing at 510 West Chestnut St., Kahoka, Missouri.

11) GE is a manufacturer, assembler, designer, distributor and seller of over 400 different lines of products and services which span many industries and customers in the United States and around the world.

12) GE distributes and sells its manufactured products, including refrigerators, through multiple retailers in the United States and around the world.

13) On January 21, 2008, Tammy Clay purchased a GE refrigerator from an appliance store in the State of Missouri.

14) Tammy Clay had the refrigerator moved into her home.

15) On or about the early hours of June 11, 2008, Tammy Clay's refrigerator suffered an internal failure that was the ignition source of a fire.

16) The fire spread from the refrigerator to the kitchen and engulfed the home in noxious, poisonous and deadly smoke and gas.

17) Tammy Clay awoke and attempted to escape the home.

18) Tammy Clay inhaled noxious, poisonous and deadly smoke and gas as she felt her way and struggled to escape from her home.

19) Tammy Clay fought to escape her home, but was unable to find an exit.

20) Tammy Clay left handprints in soot and ash on the walls of her home as she struggled to find an exit through the smoke and searing heat.

21) Tammy Clay suffered severe smoke and gas inhalation and burns and extreme conscious pain and suffering while attempting to escape the inferno, succumbed to the smoke and gas and died trying to escape the fire.

22) On June 11, 2008, in the early hours of the morning, a neighbor saw smoke coming from Ms. Clay's residence.

23) Upon entering the home, Tammy Clay's neighbor saw her collapsed on the floor and upon reaching her, he realized that she was deceased.

24) As a direct and proximate result of the acts and omissions of defendant GE as more specifically set forth hereinafter, Ms. Clay suffered extreme physical and mental pain, suffering, and discomfort and died.

25) As a direct and proximate result of the aforesaid occurrence, injuries and death, the Plaintiffs herein have lost the services, consortium, companionship,

comfort, instruction, guidance, counsel, training and support of Ms. Clay and will further lose the same in the future.

## COUNT I
## WRONGFUL DEATH-STRICT LIABILITY/
## MANUFACTURING DEFECT AND DESIGN DEFECT

26)   Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 25 of this complaint.

27)   At the time that the subject GE refrigerator failed and ignited, causing serious injuries and death to Ms. Clay, the refrigerator was in substantially the same condition as when manufactured and distributed and was being used in the manner intended and reasonably anticipated when it was manufactured and distributed.

28)   The subject refrigerator manufactured by Defendant GE was unreasonably dangerous and unsafe for its intended use by reason of design and/or manufacturing defects, and/or the refrigerator failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Defendant, and/or the risk of danger in the design outweighed the benefits.

29)   But for the subject refrigerator's defects, Ms. Clay's refrigeraator would not have ignited, and the fatal fire would not have occurred.

30)   The injuries and death of Ms. Clay were directly and proximately caused or contributed to be caused by the subject refrigerator's defects.

31) As a direct and proximate result of the subject refrigerator's defects, Ms. Clay suffered and endured pain and suffering from the time at which the refrigerator ignited until her death; and her demise was proximately and directly caused by the injuries sustained in the fire.

32) Each of the Plaintiffs herein have forever lost the services, society, companionship, consortium, comfort, instruction, guidance, counsel, training, love and support of the decedent, and each Plaintiff prays for damages provided under the Missouri Wrongful Death Statute, together with all damages which the decedent sustained before her death and for which she would have been entitled to recover had she survived.

WHEREFORE, plaintiffs hereby pray for judgment against the defendant for actual damages in a fair and reasonable amount in excess of $75,000.00 determined by a jury, together with interest as allowed by law and costs of this action.

## COUNT II
## WRONGFUL DEATH-STRICT LIABILITY/FAILURE TO WARN

33) Plaintiffs reallege and incorporate by reference, as though fully set forth herein, each and every allegation contained in paragraphs 1 through 32 of this complaint.

34) Defendant GE, at all times relevant herein, was engaged in the business of designing, manufacturing, assembling, marketing, and selling such products as the subject refrigerator.

35) Defendant GE designed and manufactured the subject refrigerator.

36) The subject refrigerator was placed in the stream of commerce with the expectation that it would and did reach a consumer, herein Ms. Clay, without substantial change in its condition.

37) At the time of the fire that injured and killed Ms. Clay, the subject refrigerator was in substantially the same condition as when manufactured and distributed by GE and was being used in a foreseeable manner intended and reasonably anticipated when the refrigerator was manufactured and distributed.

38) Upon information and belief, defendant GE failed to warn or otherwise make retailers aware of the dangers of selling subject refrigerator to household consumers and failed to warn consumers about dangers of using subject refrigerator in their households.

39) By reason of these injuries and damages, Plaintiffs are entitled to actual damages from defendant GE in a fair and reasonable amount.

WHEREFORE, plaintiffs hereby pray for judgment against the defendant for actual damages in a fair and reasonable amount in excess of $75,000.00 determined by a jury, together with interest as allowed by law and costs of this action.

## COUNT III
## WRONGFUL DEATH-NEGLIGENCE

40) Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 39 of this complaint.

41) The defendant, GE, as the manufacturer, assembler, designer, marketer, and seller of a potentially dangerous product, was, at all times relevant to

this Complaint, required to exercise ordinary care in the production and sale of their products, including the subject refrigerator.

42) GE was negligent by failing to use the required care when designing, manufacturing, selling and distributing the subject refrigerator when they knew or should have known that it was defective and unreasonably dangerous when put to reasonably anticipated use in that the design and manufacture allowed for ignition of fires causing serious injury, death, and property damage.

43) In breach of its duty to exercise the care commensurate with the manufacturing, assembling, marketing, and sale of the subject refrigerator, the defendant GE was negligent and/or reckless in at least the following respects:

    a) Defendant GE knew or should have known that the subject refrigerator was unreasonably dangerous and created a hazard for ignition of fires when used in a foreseeable manner, a reasonably anticipated manner and for the purposes for which it was designed;

    b) Defendant GE knew or should have known that they improperly designed, manufactured, and distributed the subject refrigerator when it posed an unreasonable risk of igniting a fire when used in a reasonably foreseeable manner;

    c) Defendant GE failed in their marketing and distribution to warn or otherwise make retailers aware of the dangers of selling the subject refrigerator to household consumers;

    d) Defendant GE failed to warn or otherwise make consumers aware of the dangers of using the subject refrigerator.

44) The negligence of GE directly and proximately caused or contributed to cause the injuries, damages, and death of Ms. Clay and the injuries and damages of the plaintiffs herein.

45) By reason of these injuries and damages, Plaintiffs are entitled to actual damages from Defendant GE in a fair and reasonable amount.

WHEREFORE, plaintiffs hereby pray for judgment against the defendant for actual damages in a fair and reasonable amount in excess of $75,000.00 determined by a jury, together with interest as allowed by law and costs of this action.

## COUNT IV

## NEGLIGENTLY SUPPLYING DANGEROUS INSTRUMENTALITY

46) Plaintiffs reallege and incorporate by reference, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 45 of this complaint.

47) The subject GE refrigerator was manufactured in such a manner that it could ignite a fire during normal operation.

48) Ms. Clay was using the refrigerator in a reasonably expected and foreseeable manner.

49) GE had no reason to believe that those for whose use the refrigerator was supplied would realize its dangerous condition.

50) GE knew or had information from which it, in the exercise of ordinary care, should have known of such dangerous condition.

51) GE failed to adequately warn of the dangerous conditions of the refrigerator.

WHEREFORE, plaintiffs hereby pray for judgment against the defendant for actual damages in a fair and reasonable amount in excess of $75,000.00 determined by a jury, together with interest as allowed by law and costs of this action.

Date:   October 5, 2010

GRAY, RITTER & GRAHAM, P.C.

By: _____
Morry S. Cole        #77854
Attorney for Plaintiff
701 Market Street, Suite 800
St. Louis, Missouri 63101
314 241-5620        Office
314 241-4140        Fax
mcole@grgpc.com  E-mail
www.grayrittergraham.com