IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| OSA MOSS CLAY, and D.S. by and through his Next Friend, Kevin Shanley and P.S., by and Through his Next Friend, Kevin Shanley, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL ELECTRIC COMPANY, <br><br> Defendant. | Case No. 2-10-CV-63 <br><br> **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT GENERAL ELECTRIC COMPANY

COMES NOW defendant General Electric Company (hereinafter "G.E."), by counsel, and for answer to plaintiffs' Complaint states as follows.

1-3. It is without information as to the allegations in these paragraphs and denies them for lack of knowledge.

4. It admits the allegations in this paragraph.

5. It joins in the demand for a jury trial.

6. It admits that G.E. products are available for sale within the State of Missouri and, to the extent that its products are sold within the State of Missouri, that it does business within the state. It is not contesting personal jurisdiction. Except as so admitted, it denies the allegations in this paragraph.

7. It is not challenging venue.

8. It is without information as to the size of plaintiffs' damage claim; however, it is not contesting jurisdiction of this court.

9. It is without information as to the allegations in this paragraph and therefore denies them.

10. It is without information as to the allegations in this paragraph and therefore denies them.

11. G.E. designs and manufactures a variety of different products and it sells such products to distributors and retailers in various parts of the United States and the world. Except as so admitted, it denies the allegations in this paragraph.

12. It incorporates by reference its answer to no. 11.

13-14. It is without information as to the allegations in these paragraphs and therefore denies them.

15. It is without information as to the ignition source of the fire at issue. It denies that the ignition source was any failure of the refrigerator or a refrigerator part.

16-23. It is without information as to the allegations in these paragraphs and therefore denies them.

24. It denies all allegations of "acts and omissions" by it. Answering further, it is without information as to the remainder of the allegations in this paragraph and therefore denies them.

25. It is without information as to the allegations in this paragraph and therefore denies them.

## COUNT I

26. It incorporates by reference its answers to paragraphs 1-25.

27. It denies all allegations of failure of the refrigerator. Answering further, it is without information as to the remainder of the allegations in this paragraph and therefore denies them.

28. It denies all allegations of defect and failure to perform. Answering further, it denies any and all other allegations in this paragraph.

29. It denies all allegations of defect and denies the balance of the allegations in this paragraph.

30. It denies all allegations of defect and denies the balance of the allegations in this paragraph.

31. It denies all allegations of defect and denies the balance of the allegations in this paragraph.

32. It is without information as to plaintiffs' losses and therefore denies such allegations. It denies any allegations of defect, fault or causation that may be deemed present in this paragraph and denies all other allegations that may be deemed present.

## COUNT II

33. It incorporates by reference its answers to paragraphs 1-32.

34. It admits that at all times relevant it has been engaged in the business of designing and manufacturing refrigerators and in selling said refrigerators to distributors and/or retailers. Except as so admitted, it denies any other allegations that may be deemed present in this paragraph.

35. G.E. has not yet conducted a thorough examination of the refrigerator at issue and therefore can neither admit nor deny this allegation at this point in time. It therefore denies the allegation for lack of knowledge.

36. It incorporates by reference its answer to paragraph 35 and therefore denies this paragraph for lack of knowledge.

37.     It incorporates by reference its answer to paragraph 35. Answering further, if the refrigerator was a G.E. refrigerator, it is without information as to the balance of the allegations in this paragraph.

38.     It denies that there were dangers involved with any of its refrigerators and therefore denies the allegations in this paragraph.

39.     It denies the allegations in this paragraph.

## COUNT III

40.     It incorporates by reference its answers to paragraphs 1-39.

41.     It denies all allegations of a potentially dangerous product and therefore denies the allegations in this paragraph.

42.     It denies all allegations of negligence and denies all other allegations present in this paragraph.

43.     It denies any breach of duty and therefore denies all allegations in this paragraph and each of its subparts.

44.     It denies all allegations of negligence and therefore denies all other allegations in this paragraph.

45.     It denies the allegations in this paragraph.

## COUNT IV

46.     It incorporates by reference its answers to paragraphs 1-45.

47.     If the refrigerator at issue was a G.E. refrigerator, it denies the allegations in this paragraph.

48.     It is without information as to the allegations in this paragraph and therefore denies them.

49-51. It denies all dangerous conditions and therefore denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

General Electric hereby pleads, in order to preserve, the affirmative defense of contributory negligence. Decedent's failure to properly maintain the refrigerator and/or the electrical wiring in her house caused or contributed to cause the fire at issue and constitutes contributory negligence on the part of decedent. Plaintiffs are therefore barred from any recovery or, alternatively, the relative degrees of negligence of each party assessed by the jury and any award to plaintiffs should then be reduced by the percentage of negligence attributed to decedent.

### Second Affirmative Defense

General Electric hereby pleads, in order to preserve, the affirmative defense of contributory fault. Decedent's failure to properly maintain the refrigerator and/or the electrical wiring in her house caused or contributed to cause the fire at issue and constitutes contributory fault on the part of decedent. Plaintiffs are therefore barred from any recovery or, alternatively, the relative degrees of fault of each party assessed by the jury and any award to plaintiffs should then be reduced by the percentage of negligence attributed to decedent.

### Third Affirmative Defense

The refrigerator at issue, if a G.E. refrigerator, was designed and manufactured as state of the art for such a product. As a consequence, plaintiff is barred from recovery.

**Fourth Affirmative Defense**

The refrigerator at issue was purchased by decedent as a used product. It was not in the same or substantially similar condition at the time of the fire as it was when it left defendant's custody and control. This change in condition caused or contributed to cause the fire at issue. Plaintiffs are therefore barred from any recovery.

**Fifth Affirmative Defense**

The defendant hereby pleads, in order to preserve, the affirmative defense of assumption of risk.

WHEREFORE, defendant General Electric Company prays for judgment in its favor, for its costs and for all other relief just and proper in the premises.

WILLIAMS VENKER & SANDERS LLC


By /S/ Steven P. Sanders
Steven P. Sanders #4254
100 N. Broadway, Suite 2100
St. Louis, MO 63102
314/345-5000
314/345-5055 FAX
ssanders@wvslaw.com
ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

**CERTIFICATE OF SERVICE**

A copy of the foregoing was sent electronically to counsel of record listed below this 22nd day of October, 2010:

Morry S. Cole
GRAY, RITTER & GRAHAM, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
*ATTORNEYS FOR PLAINTIFFS*


/S/ Steven P. Sanders